## CIRCUIT COURT OF FAIRFAX COUNTY

Eric Nauta

v.

Commonwealth of Virginia

March 19, 1998

Case No. (Law) 165849

BY JUDGE MICHAEL P. MCWEENY

This matter came before the Court on Eric Nauta's petition for restoration of his driving privileges. After hearing oral argument, the Court took the matter under advisement to allow the Petitioner and the Commonwealth to submit briefs in support of their positions. Having now reviewed the briefs and the underlying authorities, the Court denies Nauta's petition.

On December 12, 1996, the Virginia Department of Motor Vehicles determined that the Petitioner was a Habitual Offender, as defined in Va. Code § 46.2-351. The Department of Motor Vehicles then revoked the Petitioner's driving privileges. The Petitioner now files this petition for restoration of his driving privileges under Va. Code § 46.2-361(B). Under this section, a person may petition the Court for immediate restoration of his driving privileges if (1) the person's Habitual Offender determination was based solely upon his failure to pay fines and costs, and (2) the person has paid all outstanding fines and costs relating to his Habitual Offender determination. In Nauta's petition, Nauta argues that he has met all of the requirements of this section and that the Court should restore his driving privileges.

Upon review of Nauta's driving record, the Court must deny Nauta's petition because Nauta's suspensions were not all for fines and costs as required by Va. Code § 46.2-361(B). Specifically, Nauta's driving privileges were suspended on November 17, 1995, for failure to attend a Habitual Offender interview and on December 17, 1995, for failure to attend a Driver

Improvement clinic. Additionally, on October 21, 1996, the Fairfax General District Court suspended the Petitioner's driving privileges for driving while his license was suspended for failure to pay fines and costs. The Court finds that based upon these suspensions, Nauta's petition must fail as these suspensions are not for "fines and costs" as defined by Va. Code § 46.2-361(B).

In his argument, Nauta asks the Court not to consider the November 17, 1995, and December 17, 1995, suspension as he did not receive notice of these suspensions until July 21, 1996. The Court, however, declines to follow Petitioner's request as there is a presumption that a Defendant has proper notice of all court proceedings. Additionally, the Court notes that even if it did not consider these suspensions as Nauta requests, his petition would still fail because of the October 21, 1996, suspension.

Nauta then argues that the October 21, 1996, suspension is a "fines and costs" suspension as defined in Va. Code § 46.2-361 because the original of this suspension was for fines and costs. On that day, the Fairfax General District Court found that Nauta was driving while his license was suspended for failure to pay fines and costs. Because of this, the General District Court suspended his license again. Based upon the clear and plain language of the Virginia Code, the Court finds that this subsequent suspension disqualifies Nauta's petition because Va. Code § 46.2-361 clearly states that it only applies to a suspension for failure to pay fines and costs. The General District Court's subsequent suspension of Nauta's license clearly is not a suspension for failure to pay fines and costs, and the Court must deny Nauta's petition.

Finally, under Va. Code § 46.2-361(D), even if all of Petitioner's suspensions were for fines and costs, the Court still has the discretion to grant or deny the petition for restoration of driving privileges. In the case at bar, the Court uses its discretion to deny Nauta's petition because there is evidence that the Petitioner has continued to drive even though his license is suspended. Most importantly, the Court notes that the Petitioner was caught driving on July 25, 1997, a period well after he was declared a Habitual Offender and had his license revoked. Thus, in the Court's discretion, Nauta's petition is denied.

For the above-stated reasons, the Court denies Nauta's petition for restoration of driving privileges.